FILED
03/10/2023
Terry Halpin
CLERK
Yellowstone County District Court
STATE OF MONTANA
By: Ronda Duncan
DV-56-2023-0000246-PI
Harris, Donald
1.00

Matt Braukmann
James Dallner
RIMROCK LAW, PLLC
993 S. 24th St. W., Suite C
Billings, MT 59102
Tel:   (406) 606-1650
Fax:   (406) 578-0390
matt@rimrocklaw.com
james@rimrocklaw.com

*Attorneys for Plaintiff*

MONTANA THIRTEENTH JUDICIAL DISTRICT COURT YELLOWSTONE COUNTY

| | |
|---|---|
| CHRISTOPHER MICKUNAS, | Cause No. DV-56-2023-0000246-PI |
| Plaintiff, | District Judge: Donald Harris |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| BROOKE JOHNSON, | |
| Defendant. | |

Plaintiff Christopher Mickunas ("Plaintiff" or "Mr. Mickunas"), by and through his Counsel of Record, hereby states, alleges, and avers against Defendant Brooke Johnson ("Defendant" or "Johnson") as follows:

**JURISDICTION AND VENUE**

1. Upon information and belief, at all times relevant herein, Plaintiff was and is a citizen of Yellowstone County, Montana.

2. At all times relevant herein, Defendant was and is a citizen of Yellowstone County, Montana.

3. The Court has jurisdiction over Defendant because she engaged in conduct that resulted in the accrual of a tort action in Montana.

4. Venue is proper in Yellowstone County because Defendant was a citizen of and engaged in tortious conduct in Yellowstone County, which resulted in the accrual of a tort action in Yellowstone County, Montana.

## **FACTS COMMON TO ALL COUNTS**

1. On March 27, 2020, at approximately 11:48 a.m., Plaintiff Christopher Mickunas was driving a motor vehicle eastbound on King Avenue West, in a careful and prudent manner, where he entered the roundabout located at the Shiloh Rd. junction.

2. Without warning, Plaintiff was suddenly struck in the side by Defendant, who was driving her vehicle in a careless, negligent, inattentive, and reckless manner.

3. Defendant failed to yield the right-of-way, thereby forcibly hitting Plaintiff's vehicle with her own.

4. Plaintiff's vehicle was hit on the side.

5. Plaintiff was not able to brace for the impact, as it was unexpected, and he was thrown about in the vehicle.

6. Plaintiff was injured as a result of Defendant's negligent, careless, inattentive, and reckless actions in failing to yield the right of way.

## COUNT I – NEGLIGENCE

7. Plaintiff restates and realleges the previous allegations as if fully set forth herein.

8. Defendant was under a duty to operate her vehicle in a safe, prudent, and responsible manner and to watch for vehicles in the roundabout, such as the vehicle being driven by Plaintiff on the date of the collision.

9. Defendant breached her duty to operate her vehicle in a safe, prudent, and responsible manner, when she crashed into the side of Plaintiff's vehicle and caused the motor vehicle accident at issue in this case.

10. As a direct and proximate result of Defendant's breach of her duty, Plaintiff has suffered and will continue to suffer pain, suffering, disability, mental anguish, loss of enjoyment of life, lost wages, and has and will continue to incur medical and non-medical expenses.

11. By virtue of Defendant's acts and omissions, Defendant is legally responsible to Plaintiff for all resulting damages.

## COUNT II – NEGLIGENCE *PER SE*

12. Plaintiff restates and realleges the previous allegations as if fully set forth herein.

13. Defendant is negligent *per se* for failing to yield to Plaintiff's vehicle, pursuant to, in part, Mont. Code Ann. § 61-8-342.

14. Defendant's violation of the Montana Code Annotated constitutes negligence *per se.*

15. As a direct and proximate result of Defendant's negligence *per se*, Plaintiff has sustained and will continue to sustain personal injuries and damages as set forth above and to be proven at trial.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

16. Plaintiff restates and realleges the previous allegations as if fully set forth herein.

17. Defendant's actions constitute negligence, as set forth herein.

18. As a direct and proximate result of Defendant's negligent actions in injuring Plaintiff, Plaintiff has suffered and continues to suffer serious and severe emotional distress, all to his damage, in a total amount to be established by proof at trial.

19. Plaintiff's serious and severe emotional distress was the reasonably foreseeable consequence of Defendant's negligence.

20. Plaintiff has sustained damages for his serious and severe emotional distress in an amount to be determined by proof at trial.

WHEREFORE, Plaintiff prays for judgment for his damages as follows:

(i)   For special and general damages as are fair and reasonable;

(ii)  For past and future medical care costs, past and future economic loss, pain and suffering, loss of course of life, and other financial and non-financial losses as proven at trial;

(iii) For Plaintiff's costs of suit and attorneys' fees incurred herein;

(iv)  For pre- and post- judgment interest; and

(v)   For such other further relief as the Court deems just and proper under the circumstances.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 10th day of March, 2023.

RIMROCK LAW, PLLC

By _____
MATTHEW D. BRAUKMANN
matt@rimrocklaw.com
Attorneys for Plaintiff